AO 245D (Rev 12/10) Judgment in a Criminal Case for Revocations Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Thyson Francisco** | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number:  **1:04CR01827-002JB**<br>USM Number: **26585-051**<br>Defense Attorney: **Amy Sirignano, Appointed** |

THE DEFENDANT:

☒  admitted guilt to violations of condition(s)  **SC, Special**  of the term of supervision.
☐  was found in violation of condition(s)    after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | SC - The defendant failed to report to the probation officer and submit a truthful and complete written report within the first five days of each month. | 03/01/2010 |

The defendant is sentenced as provided in pages 1 through **4** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has not violated condition(s)    and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **4032**<br>Last Four Digits of Defendant's Soc. Sec. No. | **August 7, 2012**<br>Date of Imposition of Judgment |
| **1980**<br>Defendant's Year of Birth | **/s/ James O. Browning**<br>Signature of Judge |
| **Albuquerque, NM**<br>City and State of Defendant's Residence | **Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge |
| | **August 29, 2012**<br>Date Signed |

AO 245D (Rev. 12/10) Sheet 1 Judgment in a Criminal Case for Revocations Sheet 1A

Judgment Page 2 of 4

Defendant: **Thyson Francisco**
Case Number: **1:04CR01827-002JB**

## ADDITIONAL VIOLATIONS

| *Violation Number* | *Nature of Violation* | *Violation Ended* |
|---|---|---|
| 2 | SC - The defendant failed to notify the probation officer ten days prior to any change in residence or employment. | 04/12/2010 |
| 3 | Special - The defendant failed to participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. | 04/12/2010 |

Defendant: **Thyson Francisco**
Case Number: **1:04CR01827-002JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **145 days or time served, whichever is less** .

**A term of supervised release will not be reimposed.**

On April 1, 2005, the Court sentenced Defendant Thyson Francisco to a sentence of 51 months for violation of 18 U.S.C. § 1951, that being a violation of the Hobbs Act. See Judgment in a Criminal Case at 1, filed April 12, 2005 (Doc. 66)("Judgment"). The Court imposed a term of 3-years supervised release. See Judgment at 3. One of the standard conditions of supervised release with which Francisco had to comply was as follows: "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month." Judgment at 3. Another standard condition of supervised release was as follows: "The defendant shall notify the probation officer ten days prior to any change in residence or employment." Judgment at 3. The Court also imposed special conditions of supervised release as follows: (i) "[t]he defendant must participate in and successfully complete an outpatient substance abuse program, as approved by the probation officer, which may include testing"; and (ii) "[t]he defendant shall make monthly restitution payments of $150.00." Judgment at 4. On April 20, 2012, the United States Probation Office ("USPO") filed a Petition for Revocation of Supervised Release on the basis that Francisco had violated these conditions. See Doc. 100, at 1-2 ("Petition"). It asserted that Francisco had violated the above conditions, because: (i) he failed to submit a monthly supervision report for March 2010; (ii) on March 11, 2010, the USPO conducted a home visit at the defendant`s approved residence, observed that the residence was vacant, and learned that the defendant had terminated his employment three weeks earlier; (iii) he failed to attend counseling sessions in March and April 2010, and failed to submit a urine specimen in April 2010; and (iv) he made only partial restitution payments in January and March 2010, and failed to make any payment in February 2010. See Petition at 2.

At the revocation hearings on July 12, 2012, and August 7, 2012, the USPO asserted that revocation is not mandatory. Francisco admitted to violations 1, 2, and 3 -- failing to submit a monthly report, failing to notify the USPO of his whereabouts and of a change in employment status, and failure to comply with the substance abuse program requirements. Francisco`s violations constitute a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(3). Pursuant to application note 1 to U.S.S.G. § 7B1.4, Francisco`s criminal history category is the criminal history category he had at the time of his original sentence to a term of supervision, which is a criminal history category of III. A Grade C violation and a criminal history category of III yields a guideline imprisonment range of 5 to 11 months.

The Court finds that Francisco violated his conditions of supervision by: (i) failing to submit a monthly supervision report for the month of March 2010; (ii) failing to notify the USPO ten days before a change in residence or employment; and (iii) failing to participate in and successfully complete a substance-abuse treatment program. The Court notes that Francisco had absconder status for approximately 23 months. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has reviewed the violation report and the factors set forth in 18 U.S.C. § 3553(a). The Court has considered the guideline range for the applicable category of violation committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Francisco`s violations. The Court then considered the kinds of sentence ranges established by the guidelines, and the Court concludes that a sentence of 145 days, or time served, whichever is less, is sufficient to reflect the seriousness of the violations.

A sentence of 145-days imprisonment is only slightly below the low end of the guideline range. Because this sentence is only days short of the bottom of the guideline range, the Court finds that the sentence is adequate to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. Because this variance is not significant, the Court concludes that it avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. At the sentencing hearing, Francisco emphasized that he absconded to provide for his family, that he did not pick up any new charges while on release, and that he worked consistently while in Texas. The church that Francisco attends in Texas will employ him and help provide the support that he needs. Francisco also noted that he completed nearly two years of supervised release before moving and had no violations during that period. Plaintiff United States of America agreed, at the July 12, 2012 hearing, that a sentence near the low end of the guideline range was appropriate. Given that Francisco absconded for close to two years, and his success before absconding, the Court does not believe it is appropriate

to emphasize further the education, training, and care components of 18 U.S.C. § 3553(a). The Court will not reimpose supervised release.

A sentence of 145 days or time served, whichever is less, fully and effectively reflects the 18 U.S.C. § 3553(a) factors. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Francisco to 145-days imprisonment or time served, whichever is less.

- ☐ The court makes these recommendations to the Bureau of Prisons:

- ☒ The defendant is remanded to the custody of the United States Marshal.
- ☐ The defendant shall surrender to the United States Marshal for this district:
    - ☐ at  on
    - ☐ as notified by the United States Marshal.
- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    - ☐ before 2 p.m. on
    - ☐ as notified by the United States Marshal
    - ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL